# UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,   Case Number CR 12-656 RS (NC)
v.
Daniel Santiago            , Defendant.   ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on December 5, 2012. Defendant was present, represented by his attorney Peter Goodman. The United States was represented by Assistant U.S. Attorney Randall Luskey.

**PART I. PRESUMPTIONS APPLICABLE**
      / / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
      This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
      / / There is probable cause based upon the indictment to believe that the defendant has committed an offense
      A.     for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
      B.     under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
      This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
      / X / No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**
      / / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.
      / / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
      Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**
      / X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report, with the exception of a 2004 conviction in San Francisco for assault with a deadly weapon (not firearm). Defendant asserts the conviction was for serious bodily injury likely; the report indicates great bodily injury likely. The government has no evidence to explain the discrepancy. For purposes of this order, the Court assumes defendant's assertion is correct. In sum, the Court agrees with the PTS recommendation that the defendant should be detained as a risk of flight and danger to the community and that no condition or combination of conditions can be imposed to reasonably assure appearances of the defendant or to mitigate the dangers.

      Defendant is charged by indictment with violation of 18 U.S.C. § 922(g)(1), alleged to be a felon in possession of a firearm. He is the sole defendant charged in the case.

      The following facts set forth in the Pretrial Services Report establish a risk of non-appearance: chronic and recent history of non-compliant behavior while on community supervision (parole and probation); prior failure to report to parole office; convictions for evading peace officer and (in 2012) contempt of court; positive test for cocaine in April 2012. In mitigation, defendant has local family ties, reported employment, a proposed surety, and no history of international travel. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure future appearances of the defendant.

PTS also recommends detention based on danger to the community.  Here, the Court, finds by clear and convincing evidence that defendant's criminal record, including multiple offenses while under community supervision, robbery, assault, and gang and drug-related offenses, establish the defendant's danger.  The Court agrees with PTS that no conditions can be imposed to mitigate the risk of release.

Finally, the Court notes that it has considered the proffered weight of the evidence as to the charged offense, although this is the least significant bail factor weighed by the Court.  Defendant has pleaded not guilty, and is presumed innocent.  The government proffered evidence in support of the charge, including a non-Mirandized statement by the defendant while at the hospital being treated for a gunshot wound.  Defendant challenges the admissibility of that statement. Defendant also asserts that a DNA test of the firearm did not match defendant.  The government presented other circumstantial evidence.  The government stated that it would be analyzing additional evidence in the next 14 days and would be presenting that evidence to the defense.   The Court is willing to reconsider this detention order in the future upon the presentation of additional evidence.
///

**PART V.  DIRECTIONS REGARDING DETENTION**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:    December 6, 2012

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____